UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON CHOI, individually, and on behalf of all other similarly situated consumers,<br><br>    Plaintiff,<br><br>vs.<br><br>ASWAD & INGRAHAM, LLP.<br><br>    Defendant. | Case No.: 2:19-cv-17695-SDW-LDW |

Susan D. Wigenton, United States District Court Judge:

## **FINAL APPROVAL ORDER**

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, Jason Choi, and a class of persons similarly situated ("Plaintiff" or "Class Members"), and ASWAD & INGRAHAM, LLP ("Defendant"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and Defendant.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

**All New Jersey consumers who were sent letters and/or notices from Defendant Aswad & Ingraham, LLP between September 9, 2018 until November 26, 2019, concerning a debt owed Visions Federal Credit Union substantially similar to the collection letter attached hereto as Exhibit "A."**

3. Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, including whether or not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq*. with its standard form collection letter; (C) the claim of Plaintiff is typical of the Settlement Class members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and his attorneys, Daniel Zemel and Nicholas Linker, are adequate Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately 167 Settlement Class members by First Class, Inc. the third-party settlement administrator. A total of 6 envelopes were returned by the United States Postal Service, 1 of which were returned with forwarding addresses and re-mailed. 0 Settlement Class members requested exclusion, and 0 objections were received. A total of 162 Settlement Class members are entitled to a share of the monetary benefits of the settlement.

5. On October 26, 2021 the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited.

6. The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by Defendants. Upon the Effective Date, as that term is defined in the Agreement, Defendants shall make the following payments:

    (a) Class Recovery. Within thirty (30) days after the Effective Date, the Class Recovery of $10,758.88 shall be paid by or at the direction of the Defendant to the Class Administrator, which the Class Administrator will distribute *pro rata* among Class Members, and the Class Administrator shall distribute all such payments as soon as practical. Checks issued to Class Members will be void sixty (60) days from the date of issuance. Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will be donated as a *cy pres* award to Fordham School of Law Tax & Consumer Litigation Clinic.

    (b) Relief to Plaintiff. Within thirty (30) days after the Effective Date, a total of $1,500.00 shall be paid to Plaintiff by or at the direction of the Defendant, by check made payable to "Daniel Zemel, Trust Account."

    (c) Attorneys' Fees and Costs. Within thirty (30) days after the Effective Date, a total of $41,065 shall be paid by or at the direction of the Defendant to Class Counsel, by check made payable to "Zemel Law LLC" for their attorneys' fees and costs

        incurred in the action.

    (d)    <u>Class Notice and Administration</u>. Defendant will be responsible for all class notice and administration fees.

8.    The Parties grant the following releases:

    (a)    Plaintiff, including each and every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), releases and discharges Defendant, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Defendant) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release Released Parties of all claims that were made or that could have been made in this lawsuit, including all claims relating to Defendant's collection activity. The term Releasors does not include Class Members.

    (b)    Each member of the Settlement Class hereby releases and discharges the Released Parties of all causes of action, suits, liability, and claims arising out of or related to the form collection letter attached as Exhibit A to the Joint Motion, whether such claims are known or unknown.

    (c)    Plaintiff and each Settlement Class member DO NOT release any defense they may have with respect to the underlying debts which Defendant was attempting to collect, including (i) whether any debt is in fact owed, and (ii) the crediting of payments on any debt.

    (d)    Nothing herein shall prevent Defendant Aswad & Ingraham and/or its respective present and former attorneys, heirs, agents, successors, and assigns from continuing to pursue any underlying debt collections or litigation against Plaintiff or any of the Class Members.

9.    The Court finds the Agreement is fair and made in good faith.

10.    The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

11.    The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for

       delay of enforcement of, or appeal from, this Order.

12.     The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

13.     The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

So Ordered this 26th day of October, 2021.

_____

HON. Susan D. Wigenton

United States District Judge

District of New Jersey